IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00621-BNB

GARRY DON SCOTT, JR.,

    Plaintiff,

v.

RICHARD DERR, in his private & professional capacity,
CHRISTOPHER B. SYNSVOLL, in his private & professional capacity, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Garry Don Scott, Jr., is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Scott initiated this action by filing *pro se* a Civil Rights Complaint Pursuant to 28 U.S.C. § 1331 (ECF No. 1). On March 27, 2014, he filed on the proper form a Prisoner Complaint (ECF No. 5) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his rights under the United States Constitution have been violated. Although Mr. Scott also lists 5 U.S.C. § 702 in the jurisdiction portion of the Prisoner Complaint (*see* ECF No. 5 at 3), he does not assert any claim for judicial review of agency action pursuant to § 702. With respect to his constitutional claims, Mr. Scott seeks damages as relief.

    The Court must review Mr. Scott's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental

entity. *See* 28 U.S.C. § 1915A.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Scott is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Scott is serving a sentence of 262 months in prison as a result of guilty pleas entered in two separate criminal cases in the United States District Court for the Northern District of Oklahoma.  *See United States v. Scott*, Nos. 09-CR-0126-CVE, 11-CV-0632-CVE-TLW, 10-CR-0087-CVE, 11-CV-0633-CVE-FHM, 2013 WL 623486 (N.D. Okla. Feb. 19, 2013) (order denying postconviction 28 U.S.C. § 2255 motion).  Mr. Scott asserts three claims in the Prisoner Complaint that arise out of his efforts to challenge the validity of these convictions in a § 2255, 28 U.S.C., motion filed in the Northern District of Oklahoma in 2011.

Mr. Scott contends in the Prisoner Complaint that Defendants violated his

constitutional rights by interfering with his ability to pursue his claims in the § 2255 motion. According to Mr. Scott, Defendants Richard Derr and Christopher Synsvoll falsely stated that he was given a copy of the government's response to the § 2255 motion on January 10, 2012, even though Mr. Scott did not actually receive a copy of the government's response until February 29, 2012. Mr. Scott concedes that he actually received a copy of the government's response on February 29, 2012 (*see* ECF No. 5 at 12), and that he was granted an extension of time until March 28, 2012, to file a reply to the government's response (*see* ECF No. 5 at 10-11). He maintains that he was denied due process and that his constitutional right of access to the courts was violated because:

> Mr. Derr held plaintiff's legal documents around 49 days before it was delivered and then told the court he delivered it on the day it was sent[,] 1/10/12, his fraudulent statements to the court along with Mr. Synsvoll caused injury and violated . . . due process by prejudic[ing the §] 2255 when [Mr. Scott] was unable to [get] another extension.

(*Id.* at 7.) Mr. Scott specifically asserts that "he missed the deadline to file a reply to the government's response" and "was unable to get another extension . . . needed to fully argue [the §] 2255 [motion]." (*Id.* at 4-5.)

In addition to the due process and access to the courts claims, Mr. Scott also asserts an Eighth Amendment deliberate indifference claim in the Prisoner Complaint. However, he does not assert any facts to support an arguable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding that deliberate indifference means "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable

3

measures to abate it."). Therefore, the Eighth Amendment claim will be dismissed as legally frivolous.

The due process and access to the courts claims also will be dismissed as legally frivolous because Mr. Scott fails to demonstrate that his ability to challenge his convictions in the § 2255 motion was hindered or impeded in any way. For one thing, Mr. Scott concedes that he actually received the government's response to his § 2255 motion on February 29, 2012, and that he was granted an extension of time until March 28, 2012, to file a reply. Furthermore, contrary to Mr. Scott's allegations in the Prisoner Complaint, the docket entries in Mr. Scott's criminal case relevant to the § 2255 motion reveal that he sought and received an additional extension of time to file a reply to the government's response, he did file a reply, and he also filed two supplements.

"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The docketing records of Mr. Scott's criminal cases in the Northern District of Oklahoma, which are available on the Public Access to Court Electronic Records ("PACER") website, demonstrate that on April 3, 2012, the Honorable Claire V. Eagan entered an order granting Mr. Scott's motion for an additional extension of time until May 1, 2012, to file a reply to the government's response (*see* 09-cr-00126-CVE at #105); Mr. Scott's reply was filed on May 7, 2012 (*see id.* at 108); and he filed two supplements on September 6 and December 20, 2012 (*see id.* at 109, 111). In addition, Judge Eagan's order denying the § 2255 motion makes clear that she considered Mr.

Scott's reply and the supplements in addressing his claims. See Scott, 2013 WL 623486 at **1, 5, 7, 13. Because these judicially noticeable facts demonstrate Mr. Scott's ability to litigate his § 2255 motion in the sentencing court was not hindered or impeded as alleged in the Prisoner Complaint, the due process and access to the courts claims are legally frivolous and must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Civil Rights Complaint Pursuant to 28 U.S.C. § 1331 (ECF No. 1), the Prisoner Complaint (ECF No. 5), and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   9th   day of    April           , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court